IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFREDO GOMEZ,

      Plaintiff,                                 No. CIV S-09-2956 GGH P

      vs.

MIKE McDONALD, et al.,              <u>ORDER AND</u>

      Defendants.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Although plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), the court will not grant the request to proceed in forma pauperis at this time as the court finds that this action should be summarily dismissed.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1

1  U.S.C. § 1915A(b)(1),(2).

2         A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        Plaintiff has filed a motion for a temporary restraining order rather than a complaint. Plaintiff alleges that on October 6, 2009, he was removed from his cell and placed in a different cell on "S" status. Plaintiff alleges that he received no verbal or written notice of this change in status. Plaintiff alleges that he has since been deprived of access to all of his property, his privileges and has not been allowed to go to work. Plaintiff alleges that his hardship transfer so that he may be housed near his family has also been cancelled. Plaintiff claims that "S" status is not a legally recognized status. He alleges that he does not know why he was placed on "S" status.

In the motion for injunctive relief, plaintiff admits that he has not exhausted administrative remedies. Plaintiff states that it is his belief that when seeking relief from irreparable harm, the administrative appeals process need not be exhausted.

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001). A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736 & n. 4, 121 S. Ct. at 1823 & n.4. Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6, 121 S. Ct. at 1825.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). It is clear that under 42 U.S.C. § 1997e(a) that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, supra, 315 F.3d at 1120.

/////

In the present case, plaintiff concedes that he has not exhausted administrative remedies. Contrary to plaintiff's assertion, a motion for a temporary restraining order does not excuse the exhaustion requirement.

This case should be summarily dismissed without prejudice to the filing of a new civil rights action after the grievance process has been completed. Plaintiff is informed that a new action brought after exhaustion is complete should not bear the case number assigned to this action and should be accompanied by a properly completed application to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action;

IT IS RECOMMENDED that this action be summarily dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2009

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

gom2956.dis